IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TWIN CITY FIRE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | ) No.: |
| vs. | )<br>) |
| UPA, LLC, CULLEN DAVIS, JOHANA CASANOVA, and GUILLERMO CASANOVA, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Twin City Fire Insurance Company ("Twin City"), by its attorneys, Michael J. Duffy and Alan M. Posner of Wilson Elser Moskowitz Edelman & Dicker LLP, states as follows for its Complaint for Declaratory Judgment against Defendants UPA, LLC ("UPA"), CULLEN DAVIS ("Davis"), JOHANA CASANOVA, and GUILLERMO CASANOVA:

**STATEMENT OF CASE**

1. This action seeks a declaration that Twin City owes no insurance coverage obligations to UPA or Davis under a general liability policy issued to a wholly separate and distinct entity, DDG Walnut, LP, in connection with the claims against them in a lawsuit styled as *Casanova v. UPA, LLC,* currently pending in the Circuit Court of Cook County Illinois, Law Division (hereinafter the "*Casanova* suit"). A copy of the complaint in the *Casanova* suit is attached hereto as Exhibit A.

**JURISDICTION AND VENUE**

2. Plaintiff Twin City is an insurance company formed under the laws of the State of Indiana with its principal place of business in Connecticut.

3. Defendant UPA is a limited liability company organized under the laws of the State of Illinois. Defendant Davis, its sole member, is a citizen of the State of Illinois.

4. Defendant Davis is a citizen of the State of Illinois and resides in Cook County, Illinois.

5. Defendant Johana Casanova is a citizen of the State of Illinois, resides in Cook County, Illinois, and is joined as an interested party.

6. Defendant Guillermo Casanova is a citizen of the State of Illinois, resides in Cook County, Illinois, and is joined as an interested party.

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because this is a civil action founded on diversity of citizenship including Defendants, who do business or reside within this District, and because this case involves coverage under certain insurance policies issued in this District and/or claims described in a lawsuit pending within this District arising from events that allegedly happened in this District.

## FACTS

9. The *Casanova* suit alleges that Johana Casanova ("Casanova") suffered injuries in an automobile accident on December 22, 2014 on Interstate 65 in Township of Round Grove, County of White, Indiana when she was a passenger in a car. The car was allegedly owned by UPA or Davis and was driven by Quinn J. Kyles ("Kyles"). Kyles died as a result of injuries suffered in the subject accident. The First Amended Complaint brought by Casanova and her husband Guillermo Casanova alleges claims against UPA, Cullen Davis, and Kyles' mother

Theresa Cropper ("Cropper"), as Independent Administrator to Collect for Quinn J. Kyles. It pleads claims for negligence and loss of consortium against UPA, Davis and Cropper.

10. The car involved in the December 22, 2014 accident referenced in the *Casanova* suit was owned by Davis and operated by Kyles at the time of the accident.

11. Davis was the sole member of UPA at the time of the accident.

12. Neither Casanova nor Kyles were employed by UPA at the time of the accident.

13. Twin City insured DDG Walnut, LP as the sole named insured under Commercial General Liability Policy No. 83 CES OF5342, effective July 12, 2013 to April 30, 2015 ("the Twin City Policy"). A copy of the Twin City Policy is attached as Exhibit B.

14. Neither UPA nor Davis is a named insured under the policy issued to DDG Walnut, LP.

15. The Twin City Policy provides:

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy.

16. UPA and Davis are insureds under a State Farm Mutual Automobile Insurance Company Policy No. 447281413L ("State Farm Policy").

17. A State Farm Mutual Automobile Insurance Company Personal Liability Umbrella Policy No. 13-B0-M979-1 ("State Farm Umbrella Policy") also provides coverage for Davis.

18. The Twin City Policy issued to DDG Walnut, LP provides, in part, as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION I - COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. * * *

See, Exhibit B.

19. The Twin City Policy issued to DDG Walnut contains the following exclusions:

   2. **Exclusions**

   **Applicable To Business Liability Coverage**

   This insurance does not apply to:

   \* \* \*

   g. "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."

   This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

   \* \* \*

   **HIRED AUTO AND NON-OWNED AUTO**

   This endorsement modifies insurance provided under the following:

   COVERAGE COMMERCIAL GENERAL LIABILITY COVERAGE PARTY

4

A. Paragraph 2.g. Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability does not apply to any "auto" that is a "non-owned auto."

A "non-owned auto" is an "auto" you do not own including but not limited to:

1. An "auto" that you lease, hire, rent or borrow;

2. A customer's "auto" that is in your care, custody or control for service; and

3. An "employee's" "auto'" while used in your business.

This does not include a long-term leased "auto" that you insured as an owned "auto" under any other auto liability insurance policy or a temporary substitute for an "auto" you own that is out of service because of its breakdown, repair, servicing or destruction.

This includes "autos" owned by your "employees" or partners or members of their households but only while used in the course of your business.

B. With respect to the operation of a "non-owned auto," WHO IS AN INSURED is replaced by the following:

The following are insureds:

1. You.

2. Your "employee" while using with your permission:

 (a) An "auto" you hire or borrow, or

 (b) An "auto" you don't own, hire or borrow in your business or personal affairs; or

 (c) An "auto" hired or rented by your "employee" on your behalf and at your direction.

3. Anyone else using with your permission a "non-owned auto" except:

 (a) The owner or anyone else from whom you hire or borrow a "non-owned auto."

5

      (b) Any person using a "non-owned auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

      (c) Anyone other than your "employees," (partners, a lessee or borrower or any of their "employees," while moving property to or from a "non-owned auto."

      (d) A partner, member, "executive officer" or trustee of yours for a "non-owned auto" owned by him or her or a member of his or her household.

    4. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

            \*    \*    \*

D. With respect to the operation of a "non-owned auto" the **Other Insurance Section IV – Conditions** is replaced by the following:

**Other Insurance**

This insurance is excess over any other insurance, whether primary, excess, contingent or on any other basis, except when purchased specifically to apply in excess of this insurance.

If this insurance is excess, we will have no duty under this Coverage Part to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit." If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

If this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

  (1) The total amount that all such other insurance would pay for damages in the absence of this insurance; and

  (2) The total of all deductible and self-insured amounts under all that other insurance.

6

See, Exhibit B.

20. UPA has demanded Twin City defend and indemnify it under the Twin City Policy with respect to the claims in the *Casanova* suit.

21. Twin City denies that it owes UPA or Davis any defense or indemnity obligation with respect to the *Casanova* suit.

22. UPA and Davis are being defended in the *Casanova* suit by State Farm.

23. An actual and justiciable controversy exists between Twin City, UPA and Davis as to the availability of insurance coverage for UPA and/or with respect to the *Casanova* suit under the Twin City Policy. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. Sec. 2201, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

## Count I
## UPA and Davis Are Not Insureds Under the Twin City Policy

24. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 23 above as if fully set forth herein.

25. The car being operated by Kyles at the time of the accident at issue was a "non-owned auto" under Twin City's Policy.

26. UPA is not an insured for the accident because it is not "You," "Your 'employee'," or "[a]one else" using a non-owned auto with "your permission" as required by the Who is an Insured provision for "non-owned autos".

27. Similarly, Davis is not an insured under the Twin City Policy for the accident, because he is not the named insured ("You") or an employee of the named insured ("Your employee") or "anyone else" using a non-owned auto with the named insured's permission ("Your permission").

7

WHEREFORE, Plaintiff, Twin City Fire Insurance Company, prays that this Court enter the following relief:

  A. A declaration find that Twin City owes no duty to defend or indemnify UPA or Davis for the claims against them in the *Casanova* suit; and

  B. For all such just and equitable relief, including costs of suit.

## Count II
## Coverage is Also Precluded by the Aircraft, Auto or Watercraft Exclusion

28. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 27 above as if fully set forth herein.

29. The Aircraft, Auto or Watercraft exclusion above bars coverage under the Twin City Policy for:

> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."

See, Exhibit B.

30. To the extent the Hired and Non-Owned Auto Endorsement does not apply, the Aircraft, Auto or Watercraft Exclusion applies to preclude coverage to UPA and/or Davis for the claims in the *Cassanova* suit.

WHEREFORE, Plaintiff, Twin City Fire Insurance Company, prays that this Court enter the following relief:

  A. A declaration find that Twin City owes no duty to defend or indemnify UPA and/or Davis for the claims against them in the *Casanova* suit; and

  B. For all such just and equitable relief, including costs of suit.

**Count III**
**The Twin City Policy is Excess to the State Farm Policy**
**and the State Farm Umbrella Policy**

31. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 30 above as if fully set forth herein.

32. The Twin City Policy provides that it is excess to any other insurance except when the other insurance was purchased specifically to apply in excess of the Twin City Policy. The Twin City Policy states:

> This insurance is excess over any other insurance, whether primary, excess, contingent or on any other basis, except when purchased specifically to apply in excess of this insurance.
>
> If this insurance is excess, we will have no duty under this Coverage Part to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit." If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

See, Exhibit B.

33. If the Twin City Policy is deemed to provide coverage for either UPA or Davis, the Twin City Policy is excess to the State Farm Policies and the Twin City has no duty to defend or indemnify UPA or Davis until the State Farm Policies are exhausted.

WHEREFORE, Plaintiff, Twin City Fire Insurance Company, prays that this Court enter the following relief:

A. A declaration that if the Twin City Policy is deemed to provide coverage for either UPA or Davis, then the Twin City Policy is excess to the State Farm Policies and the Twin City Policy has no duty to defend or indemnify UPA or Davis until the State Farm Policies are exhausted.

                                              Respectfully submitted,

                                      By:   /s/ Michael J. Duffy
                                                 One of the Attorneys for
                                                 Twin City Fire Insurance Company

Michael J. Duffy – 6196669
Alan M. Posner – 2237695
Wilson Elser Moskowitz Edelman and Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, IL  60603
(312) 704-0550
(312) 704-1550
michael.duffy@wilsonelser.com
alan.posner@wilsonelser.com